# THE UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17 B 18090 |
| Victoria Medina and Marcos Medina, | ) | Honorable Jack B. Schmetterer |
| | ) | Chapter 7 |
| Debtors. | ) | |

## NOTICE OF HEARING

**To:**   Victoria Medina and Marcos Medina, 5348 S. Mulligan Ave., Chicago, IL 60638
* David P. Lloyd, 615B S. LaGrange Rd., LaGrange, IL 60525
* United States Trustee Patrick S. Layng, Office of the United States Trustee, 219 South Dearborn Street, Suite 873, Chicago, IL 60604

PLEASE TAKE NOTICE that on **August 21, 2017 at 10:00 a.m.,** we will appear before the Honorable Jack B. Schmetterer or such other Judge as may be presiding in that Judge's stead, in Courtroom 682, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present our **OBJECTION TO DEBTOR'S CLAIMED EXEMPTION**, a copy of which is attached hereto and served upon you herewith.

Date: August 9, 2017                By: /s/ David P. Leibowitz
                                            Not individually but as the Chapter 7 Trustee
                                            of the Debtor's Bankruptcy Estate

## CERTIFICATE OF SERVICE

On August 9, 2017, the undersigned certifies that on this date, he caused a copy of the above document to be served upon each person shown on the within Notice, by United States Mail, with postage prepaid, at Chicago, Illinois. Those marked with an * were served via Court's ECF System.

                                            /s/ David P. Leibowitz

David P. Leibowitz (ARDC # 1612271)
Lakelaw
53 W. Jackson, Suite 1610
Chicago, IL 60604
312.360.1501

THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | Case No. 17 B 18090 |
| **Victoria Medina and Marcos Medina,** | ) | Honorable Jack B. Schmetterer |
| | ) | Chapter 7 |
| **Debtors.** | ) | |

## OBJECTION TO EXEMPTION

Now comes David P. Leibowitz ("Trustee"), Chapter 7 Trustee for the bankruptcy Estate of Victoria Medina and Marcos Medina, ("Debtors"), hereby objecting to certain exemptions claimed by Debtors.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 28 USC § 1334.

2.  Venue is proper pursuant to 28 USC § 1409(a).

3.  By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination.

## PROCEDURAL BACKGROUND

4.  Debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 14, 2017. David Leibowitz was appointed Interim Trustee.

5.  A meeting of creditors under §341 of the Bankruptcy Code, (the "Code"), was first scheduled for July 13, 2017. No trustee was elected at this meeting whereupon David P. Leibowitz became the permanent trustee for this case.

6.  Debtors filed their amended Schedule C on July 27, 2017. Though the meeting has not been concluded at this time, this objection is nevertheless filed within 30 days of the amended schedule C, and so, for multiple reasons, this Objection is in compliance with Federal Rule of Bankruptcy Procedure 4003(b)(1).

7.  Debtors claim a $1,500 exemption in a wedding ring pursuant to 735 ILCS 5/12-1001(a).

8.  However, 735 ILCS 5/12-1001(a), as related to this case, is an exemption for "necessary wearing apparel."

9.  Debtors scheduled Mrs. Medina's wedding ring as "jewelry" in Schedule A of her bankruptcy schedules (Dkt. 1, Schedule A/B 12.1).

10. Debtors did not schedule Mrs. Medina's wedding ring as "clothing" in Schedule A of her bankruptcy schedules (Dkt. 1, Schedule A/B 11).

11. At the time of the filing her petition, Debtors claimed the wedding ring exempt to the extent of $1,500 under the "wild card" exemption of 735 ILCS 5/12-1001(b).

12. In fact, Debtor did schedule "fashion jewelry" as clothing in item 11 of her schedules.

13. Debtor did not wear her wedding ring – which on information and belief contains several valuable diamonds – on the occasion of her meeting of creditors with the Trustee pursuant to Section 341 of the Bankruptcy Code.

14. Trustee at the time asked the Mrs. Medina to turn over the diamond ring to him for the purpose of getting the ring appraised.

15. Debtor did not turn over the diamond ring to the trustee for inspection or appraisal. Rather, she claimed the ring 100% exempt as "necessary wearing apparel" citing 735 ILCS 5/12-1001(a).

16. In correspondence with the Trustee, Debtor's attorney relies upon *In re Robinson (Appeal of Hagan)* ___ F.3d ___ (14-3585 decided Feb. 4, 2016) which held that a valuable first edition Book of Mormon was a "bible" within the meaning of 735 ILCS 5/12-1001(a).

17. That case relied upon *In re Deacon*, 27 F. Supp. 296 (S.D. Ill. 1939) holding that a watch, a consistory ring and a diamond shirt stud constituted necessary wearing apparel.

18. While a consistory ring (a Masonry artifact) and a diamond shirt stud were held in *Deacon* to have been clothing, the basis of that holding was the watch, consistory ring and diamond shirt stud "was worn upon the person of said bankrupt from the date of their purchase to date of bankruptcy." 27 F.Supp. at 96.

19. *Deacon* held that the term "wearing apparel" was modified by the word "necessary" and as such, whether the item was "wearing apparel" or "necessary" was something to be determined on a case by case basis.

20. Debtor in the instant case still has not scheduled the wedding ring as "clothing" on Schedule A/B even though she has scheduled other jewelry as such.

21. Moreover, the debtor did not maintain the wedding ring in constant usage as she failed to have worn the ring at the 341 meeting.

For the foregoing reasons, Trustee prays that Debtor's claimed exemption of $1,500 in her wedding ring as "necessary wearing apparel" pursuant to 735 ILCS 5/12-1001(a) be disallowed and for such other and further relief as may be just.

Wherefore, Trustee prays that Debtor's exemption in the "Wedding ring" in the amount of $1,500 pursuant to 735 ILCS 5/12-1001(a) be denied, and for such other and further relief as may be just.

                **David Leibowitz, not individually but as Chapter 7 Trustee for the Estate of Victoria Medina and Marcos Medina**

By:  */s/David Leibowitz*
     David Leibowitz,
     Trustee

David P. Leibowitz (ARDC # 1612271)
Lakelaw
53 W. Jackson Boulevard
Suite 1610
Chicago, IL 60604
dleibowitz@lakelaw.com